1  ZHENG LIU (SBN: 229311)
2  RIMON P.C.
   800 Oak Grove Avenue Suite, 250
3  Menlo Park, California   94025
4  Telephone/Facsimile: (650) 461-4433

5  ERIC C. COHEN (Pro Hac Vice Forthcoming)
   eric.cohen@rimonlaw.com
6  LETAO QIN (Pro Hac Vice Forthcoming)
7  letao.qin@rimonlaw.com
8  RIMON P.C.
   2530 Meridian Parkway, #300
9  Durham, North Carolina   27713
   Telephone/Facs2imile: 919.241.7495
10
11 Attorney for Defendant MOTI 5, INC.

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 CHENGDU FURINKAZAN                 Case No. 2:19-cv-04627-CJC-JEM
   AUTOMOBILE SERVICE CO., LTD.,
17                                     **DEFENDANT MOTI 5, INC.'S**
18         Plaintiffs,                 **NOTICE OF MOTION AND**
                                       **MOTION TO DISMISS**
19     vs.                             **FOR IMPROPER VENUE AND NO**
                                       **PERSONAL SERVICE**
20 MOTI 5, INC.; and DOES 1 through
   50, inclusive,                      Date:       September 9, 2019
21                                     Time:       1:30 p.m.
22         Defendants.                 Place:      Courtroom 7C

23                                     The Honorable Cormac J. Carney

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2019, or as soon thereafter as possible, in the courtroom of the Honorable Cormac J. Carney, located at First Street Courthouse, 350 West 1st Street, Courtroom 7C, Los Angeles, California 90012-4565, Defendant Moti 5, Inc., by and through their attorneys, will move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on by exchange of correspondence between attorneys for the parties on July 1, July 12 and July 19, 2019.

The Motion is based on this Notice of Motion, the included Memorandum of Points and Authorities and Request for Judicial Notice; and upon such other evidence or argument as may be presented to the Court at the time of the hearing

DATED:  July 25, 2019                    Respecfully submitted,

                                          RIMON, P.C.


                              By: /s/ Zheng Liu
                                   Zheng Liu (SBN: 94103)
                                   zheng.liu@rimonlaw.com
                                   RIMON P.C.
                                   800 Oak Grove Avenue, Suite 250
                                   Menlo Park, California 94025
                                   Telephone/Facsimile: 650.461.4433

                                   Eric C. Cohen (Pro Hac Vice Forthcoming)
                                   eric.cohen@rimonlaw.com
                                   Letao Qin (Pro Hac Vice Forthcoming)
                                   letao.qin@rimonlaw.com
                                   RIMON P.C.
                                   2530 Meridian Parkway, #300
                                   Durham, North Carolina   27713
                                   Telephone/Facs2imile: 919.241.7495

                                   Attorneys for *Defendants*
                                   MOTI 5, Inc.

DEFENDANT MOTI 5, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Moti 5, Inc. respectfully submits the following Memorandum of Points and Authorities in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff Chengdu Furinkazan Automobile Service Co., Ltd.'s Complaint in the above-referenced action.

## I.  INTRODUCTION

This patent infringement case against Defendant Moti 5, Inc. ("Moti 5") must be dismissed because venue is not proper under the patent venue statute, 35 U.S.C. §1400(b), and Moti 5 has not been served.

The Complaint alleges that Moti 5 infringes design patent D800,226 entitled "Automobile Face." Dkt. 1, ¶¶ 2, 9-11. Relevant to venue, the Complaint alleges, "Moti 5, Inc. is a corporation formed under the laws of New York with a principal place of business located at 11715 Clark St., Arcadia, CA 91006 [Hereinafter, 'the California Office']." *Id.*, ¶ 8. However, as is discussed in detail below and in the Declaration of Colin Shao submitted herewith (Ex. 1), Moti 5 does not sell the accused products (Ex. 1, ¶ 5); Moti 5 does not own the California Office (*id.* ¶ 4); and Moti 5 does not have any offices in this District or anywhere else in California (*id* ¶ 3). In fact, the New York Secretary of State's corporate records evidence that Moti 5 is located in New York. (*Id.* ¶ 5; Ex. 2).

The Complaint alleges that venue is proper under 28 U.S.C. §§ 1331, 1338, and 1400(a), and under 18 U.S.C. § 1965. Dkt. 1, ¶ 4. None of those statutes are applicable: The *sole measure* of venue for a patent infringement action is 28 U.S.C. §1400(b), which Plaintiff does not plead as a basis for venue. Section 1400(b) limits venue to the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a "regular and established place of business." *TC Heartland v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1518 (2017).

DEFENDANT MOTI 5, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

As is demonstrated below, venue is improper under either prong of section 1400(b) because (1) Moti 5 resides in New York, the place where it is incorporated (Ex. 2), and (2) Moti 5 neither sold the accused products nor has a "regular and established place of business" in this District.  (Ex. 1, ¶¶ 2-5.)  Finally, although Plaintiff alleges it served Moti 5 with process, the person who was served is not an employee of Moti 5 and was not authorized to accept service on behalf of Moti 5.  (*Id.* ¶ 6; Dkt. 10.)

## II.   COMPLIANCE WITH LOCAL RULE 7.3

This motion is made following the conference of counsel pursuant to L.R. 7-3, which consisted of an exchange of correspondence attached hereto as Exhibits 3-5.

Prior to filing this motion, by letter dated July 1, 2019, counsel for Moti 5 advised counsel for Plaintiff that Moti 5 did not own the California office and that there was no basis for venue under section 1400(b).  Ex. 3.  On July 12, 2019, counsel for Plaintiff responded, arguing that Moti 5's July 1 letter "provide[s] no substantive evidence . . . in support of venue being proper elsewhere, not so much as your client's purported address in New York or at the very least the New York district in which you believe they reside."  Ex. 4.  Counsel for Moti 5 responded via letter sent by email on July 19, 2019, advising counsel for Plaintiff that Moti 5's address "is a matter of public record," and attaching a copy of Moti 5's registration with the New York State Department of State. (Ex. 5 and Ex. 2, respectively).  The July 19 letter also represented, *inter alia*, that Moti 5 does not have a place of business in California; The business located at 11715 Clark St., Arcadia CA 91006 is not owned by Moti 5; and Ms. Anita Chang, who was served with the summons and complaint, is not employed by Moti 5.

Counsel for Plaintiff has not responded to Moti 5's July 19 letter.

DEFENDANT MOTI 5, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

## III. THE COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS NOT PROPER IN THIS DISTRICT

Under section 1400(b), "Any civil action for patent infringement may be brought [1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b).  This is the sole basis for venue for a patent infringement case. *TC Heartland v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1518 (2017).

### A. SECTION 1400(b) – FIRST PRONG:  MOTI 5 DOES NOT RESIDE IN THE CENTRAL DISTRICT OF CALIFORNIA

For purposes of the first prong of §1400(b), a domestic corporation "resides" only in its state of incorporation and applying that reasoning to a case in which the accused infringer was organized as an LLC. *TC Heartland.* 137 S. Ct. at 1520-21.  The Complaint alleges that Moti 5 "is a corporation formed under the laws of the State of New York. . . ." Dkt. 1, ¶ 8.A true and correct copy of the NYS Department of State Division of Corporations Entity Information for Moti 5, Inc. is attached as Exhibit 2 and confirmed in the Declaration of Colin Shao (Ex. 1, ¶ 2), and establishes that Moti 5 is a New York corporation located at 136-20 38th Avenue, Suite 3C, Flushing, New York 11354.  Thus, for purposes of section 1400(b), Moti 5 "resides" in New York, and venue is not proper in California under the "resides" prong of section 1400(b).

### B. SECTION 1400(b) – SECOND PRONG:  MOTI 5 HAS NOT COMMITTED ACTS OF INFRINGEMENT OR HAVE A REGULAR AND ESTABLISHED PLACE OF BUSINESS IN THIS DISTRICT

The second prong of section 1400(b) requires that a defendant must have both (1) committed acts of infringement and (2) have a regular and established place of business in the District.  Neither element is met in this case.

### 1. __Moti 5 Has Not Sold The Accused Products__

The Complaint alleges that "Defendant is engaged in the sale of automobile parts through Amazon.com, Inc. . . .as well as through Defendant's own website at https://amoffroad.com." Dkt. 1, ¶ 8. Moti 5, however, does not sell any of the accused products referred to in the Complaint. Ex. 1. ¶ 5. Thus, Plaintiff cannot prove venue under the second prong of section 1400(b) because Moti 5 has not committed any acts of infringement, let alone acts of infringement in this District.

### 2. __Moti 5 Does Not Have A "Regular And Established Place Of Business" In The Central District Of California__

To establish that Moti 5 has a "regular and established place of business in this District, (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) *it must be the place of defendant*. *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (emphasis added).

The Complaint incorrectly alleges that Defendant Moti 5 has "a principal place of business located at 11715 Clark St., Arcadia, CA 91006." However, Moti 5 does not own or operate the California Office. Ex. 1. ¶ 4; Ex. 6. Arion Service Solutions ("Arion") owns and controls the facility at 11715 Clark St., Arcadia, California. *Id.* Moti 5 entered into a "Standard Contract Conditions and Terms for Warehouse" with Arion. *Id.* Moti 5 does not own or control Arion or Arion's facility. *Id.* Storing accused products in a leased warehouse is not sufficient to establish that the *Defendant* has a "regular and established place of business." *Regents of the University of Minnesota v. Gilead Sciences, Inc.*, 299 F. Supp. 3d 1034, 1043 (D. Minn. 2017). In *Regents*, the court found that storing accused products in storage lockers leased from a third party did not constitute a regular and established place of business. *Id.*

DEFENDANT MOTI 5, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

### 3.   <u>Precedent Requires That This Case Be Dismissed For Improper Venue</u>

Under similar circumstances, courts in this District have granted motions to dismiss for improper venue.  *See, e.g. Chia Ling Hung v. Lowe's Home Centers*, CV 18-10545 (C.D. Cal., May 1, 2019) (sales to the District made by Lowes or through Amazon not sufficient for venue over a Utah corporation that did not have a place of business in the district); *Bragel Int'l v. Gate Six Holdings*, LLC, CV-17-7253 (C.D. Cal., Oct. 10, 2018); *Inhale, Inc. v. Gravitron LLC,* CV 18-3883 (C.D. Cal., Sept. 5, 2018) (even though Defendant's website listed twelve locations within the district where the accused products were sold, that was insufficient). *See also, Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-cv-00506-WHO, 2018 WL 317839 (N.D. Cal. Jan. 8, 2018) (Independent dealers in a district do not qualify as a "regular and established place of business"); *Reflection, LLC v. Spire Collective LLC*, No. 17CV1603- GPC(BGS), 2018 WL 310184, at *2–3 (S.D. Cal. Jan. 5, 2018) (storing products in an independent distributor's warehouse and selling products in the state through a third party are not sufficient to show venue under § 1400(b)); *Symbology Innovations, LLC v. Lego Sys., Inc*., 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (a subsidiary's three locations cannot be imputed to the parent company for purposes of venue because the subsidiary is a distinct corporate entity).

In *Inhale*, the court rejected the argument that Defendant's colloquial use of the term "partner stores" on its website was sufficient to show a "regular and established place of business" because "Plaintiff alleges no facts that might indicate that Defendant has any control over those twelve stores." *Inhale,* slip op. at 6.   See *CAO Lighting Inc. v. Light Efficient Design,* No. 4:16-CV-00482-DCN, 2017 WL 4556717, at *3 (D. Idaho Oct. 11, 2017) (physical locations with regular and established business belonging to "preferred partner" distributors do not establish venue).  Under these circumstances, venue is manifestly improper.

## IV.   THE TIME FOR RESPONDING TO THE COMPLAINT HAS NOT COMMENCED BECAUSE MOTI 5, INC. HAS NOT BEEN SERVED WITH PROCESS

On June 18, 2019, Plaintiff filed proof of service of the summons. Dkt. 10. The proof of service states that the process server served the summons on "Ms. Anita Chang (Office Manager), who is designated by law to accept service on behalf of Moti 5, Inc. at 11715 Clark St., Arcadia CA 91106 on 6/5/2019 at 9:14 AM." Ms. Chang, however, is not employed by Moti 5 and is not authorized to accept service of process on behalf of Moti 5. Ex. 1 ¶ 9.

Notwithstanding that Moti 5 has not been served, and without conceding in any manner that service was proper, Moti 5 files this motion to dismiss for improper venue because this case does not belong in this District, whether service was effected or not. In any event, however, the time for Moti 5 to respond to the Complaint has not commenced because Moti 5 has not been served with process.

## V.   CONCLUSION

For the reasons set forth above, venue is not proper, and Moti 5 has not been served with process. The Complaint against Moti 5 should be dismissed in its entirety.

DEFENDANT MOTI 5, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

DATED:  July 25, 2019                   Respecfully submitted,

                                        RIMON, P.C.


                                  By: /s/ Zheng Liu
                                     Zheng Liu (SBN: 94103)
                                     zheng.liu@rimonlaw.com
                                     RIMON P.C.
                                     800 Oak Grove Avenue, Suite 250
                                     Menlo Park, California 94025
                                     Telephone/Facsimile: 650.461.4433

                                     Eric C. Cohen (Pro Hac Vice forthcoming)
                                     eric.cohen@rimonlaw.com
                                     Letao Qin (Pro Hac Vice forthcoming)
                                     letao.qin@rimonlaw.com
                                     RIMON P.C.
                                     2530 Meridian Parkway, #300
                                     Durham, North Carolina   27713
                                     Telephone/Facs2imile: 919.241.7495

                                     Attorneys for *Defendants*
                                     MOTI 5, Inc.

DEFENDANT MOTI 5, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS