# EXHIBIT 3



July 1, 2019

Sent via e-mail to: alexe@inhouseco.com

**Re**:  *Chengdu Furinkazan Automobile Service Co., Ltd. v. Moti 5, Inc.*,
2:19-cv-04627-CJC-JEM (C.D. Cal.)

Alexander Chen, Esq.
Inhouse Co. Law Firm
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618

Dear Mr. Chen:

We write on behalf of our client Moti 5, Inc. ("Moti 5") regarding the above-captioned lawsuit to inform you that we intend to file a motion to dismiss for improper venue and to inform you that the infringement allegations in the Complaint are objectively baseless. For the reasons set forth below, we invite you to voluntarily dismiss the Complaint with prejudice against Moti 5.

**Improper Venue**

This is a patent infringement case in which Plaintiff alleges that Moti 5 has infringed design patent D800,226 entitled "Automobile Face."  The Complaint alleges, "Moti 5, Inc. is a corporation formed under the laws of New York with a principal place of business located at 11715 Clark St., Arcadia, CA 91006 ("the California Office").  However, Moti 5 does not own the California Office, and Moti 5 does not have any offices in the Central District of California or anywhere else in California. The Complaint alleges that venue is proper under 28 U.S.C. §§ 1331, 1338, and 1400(a).  However, for a patent infringement action, the sole measure of venue is 28 U.S.C. §1400(b).  *TC Heartland v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1520-21 (2017).

As is demonstrated below, venue is improper under either prong of section 1400(b) because (1) Moti 5 resides in New York, the place where it is incorporated, and (2) even if Moti 5 committed acts of infringement in the Central District of California District, which Moti 5 denies, Moti 5 does not have a "regular and established place of business" in that District.

For purposes of the patent venue statute, a defendant "resides" where the defendant is incorporated. *TC Heartland,* 137 S. Ct. at 1520-21, (holding that, for purposes of §1400(b), a domestic corporation "resides" only in its state of incorporation and applying that reasoning to a case in which the accused infringer was organized as an LLC).  Moti 5 does not reside in the Central District of California: it resides in New York where it is incorporated. Thus, there is no basis under the patent venue statute to allege that Moti 5 resides in the Central District of California.

ERIC C. COHEN
2530 Meridian Parkway, Suite 300, Durham, NC 27713
P: (800) 930-7271 x398 | D: (984) 960-2860 | F: (984) 960-2860 | eric.cohen@rimonlaw.com

EXHIBIT 3 PAGE 1 OF 5



Alexander Chen
July 1, 2019

To establish that Moti 5 has a "regular and established place of business in this District," (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) **it must be the place of defendant**. *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (emphasis added). Because Moti 5 does not own the California Office, it is not "the place of defendant."

Under similar circumstances, courts in this District have granted motions to dismiss for improper venue. *See, e.g. Chia Ling Hung v. Lowe's Home Centers*, CV 18-10545 (C.D. Cal., May 1, 2019) (sales to in the District made by Lowes or through Amazon not sufficient for venue over a Utah corporation that did not have a place of business in the district); *Bragel Int'l v. Gate Six Holdings*, LLC, CV-17-7253 (C.D. Cal., Oct. 10, 2018); *Inhale, Inc. v. Gravitron LLC,* CV 18-3883 (C.D. Cal., Sept. 5, 2018) (even though Defendant's website listed twelve locations within the district where the accused products were sold, that was insufficient). *See also, Fox Factory, Inc. v. SRAM, LLC,* No. 3:16-cv-00506-WHO, 2018 WL 317839 (N.D. Cal. Jan. 8, 2018) (Independent dealers in a district do not qualify as a "regular and established place of business"). In *Inhale*, the court rejected the argument that Defendant's colloquial use of the term "partner stores" on its website was sufficient to show a "regular and established place of business" because "Plaintiff alleges no facts that might indicate that Defendant has any control over those twelve stores." *Inhale,* slip op. at 6. *See also, CAO Lighting Inc. v. Light Efficient Design,* No. 4:16-CV-00482-DCN, 2017 WL 4556717, at *3 (D. Idaho Oct. 11, 2017) (physical locations with regular and established business belonging to "preferred partner" distributors do not establish venue); *Reflection, LLC v. Spire Collective LLC*, No. 17CV1603- GPC(BGS), 2018 WL 310184, at *2–3 (S.D. Cal. Jan. 5, 2018) (storing products in an independent distributor's warehouse and selling products in the state through a third party are not sufficient to show venue under § 1400(b)); *Symbology Innovations, LLC v. Lego Sys., Inc*., 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (a subsidiary's three locations cannot be imputed to the parent company for purposes of venue because the subsidiary is a distinct corporate entity).

As we have explained, venue is manifestly improper. If you contend that venue is proper under section 1400(b), which is not cited in the Complaint, please explain in detail any facts that you rely on to form the basis for your contention. In the absence of such explanation, we demand that you immediately dismiss this case against Moti 5. If you do not voluntarily dismiss the case against Moti 5, we will file a motion to dismiss. In that motion, we will point out to the Court that we advised you of the grounds for the motion and that you did not voluntarily dismiss the complaint against Moti 5. We reserve the right to file a motion for attorney's fees under Rule 11, F. R. Civ. P. and 35 U.S.C. §285 after the Court grants our motion.

### Objectively Baseless Infringement Allegations

Your infringement claim is objectively baseless on its face. A design patent is limited in scope to the novel, ornamental features of the patented design. *OddzOn Products, Inc. v. Just Toys, Inc*., 122 F.3d 1396, 1405 (Fed. Cir. 1997). The standard for determining infringement of a design patent was established by the Supreme Court in *Gorham Co. v. White,* 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731 (1871). There the court stated that the test

> [I]f, in the eye of an ordinary observer, giving such attention as a
> purchaser usually gives, two designs are substantially the same, if the

EXHIBIT 3 PAGE 2 OF 5

2 | PAGE



Alexander Chen
July 1, 2019

resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham,* 81 U.S. at 528; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc) (holding that the Supreme Court's ordinary observer test is "the sole test" for determining whether a design patent has been infringed).

In *Egyptian Goddess*, the Federal Circuit stated, "[i]n some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear "substantially the same" to the ordinary observer, as required by *Gorham*." *Egyptian Goddess*, 543 F.3d at 678. This is such a case.

"[D]esign patents have almost no scope beyond the precise images shown in the drawings." *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1333 n.1 (Fed. Cir. 2014) (citation omitted). A simple comparison of the design patent and the accused product, illustrated in paragraph 14 of the Complaint and shown below, precludes a finding of infringement.



"[T]he fact finder must apply the ordinary observer test by comparing the similarities in overall designs, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (citing *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed. Cir. 2010)). A court may dismiss a design patent case based on a comparison of the claimed design and the accused product, where, as here, "the claimed design and the accused product are so plainly dissimilar that it is implausible that an ordinary observer will confuse them." *Enerlites, Inc. v. Century Prod. Inc.*, 2018 WL 4859947, at *3 (C.D. Cal.



Alexander Chen
July 1, 2019

Aug. 13, 2018) (collecting cases). No ordinary observer would think that the two designs are at all alike. The overall appearance of the accused and patented designs is completely different.

First of all, the radiator grooves in the accused grille are formed by triangular shaped bars, both vertical and slanted, arranged to form a lattice. In comparison, the claimed design in the '226 patent features only straight vertical bars. The triangular bars in the accused design dominate the appearance of the grille and provide it with a completely different overall appearance from the patented design.

Second, the radiator grooves in the accused grille extend, substantially, over the entire height of the frame at the highest point. In comparison, the radiator grooves in the '226 patent only cover the lower 2/3 of the frame.

Third, in the accused grille, each triangular shaped bar resembles a shark tooth. The vertical and slanted bars are arranged in such a way that each open space in the lattice also resembles a shark tooth. The angular geometric shapes lend a feel of roughness and aggressiveness to the accused grill. In comparison, the design in the '226 patent features vertical spaces and bars of simple and regular shapes, giving it an appearance of utility and simplicity, for which the original Jeep Wrangler design is well-known.

Fourth, the shapes of the headlight grooves and the fog lamp grooves featured in both the accused grill and the claimed design are functional. The grills are designed to fit and must have openings to match the location and shape of the light fixtures of that model, such as headlights and lamps. Therefore, the shapes of light fixture openings in the grill are functional and should not be taken into consideration when assessing the general visual appearance of the '226 design or when comparing two designs.

Further, the claim of the '226 patent is indefinite. Each of the drawings is depicted in broken lines. Under well-settled law, broken lines do not define patentable subject matter. "The two most common uses of broken lines are to disclose the environment related to the claimed design and to define the bounds of the claim." See Manual of Patent Examination Procedure, §1503.2II. "Structure that is not part of the claimed design, but is considered necessary to show the environment in which the design is associated, may be represented in the drawing by broken lines. This includes any portion of an article in which the design is embodied, or applied to, that is not considered part of the claimed design." See id. *Accord*, *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1317 (Fed. Cir., 2012) ("The parts of the side beyond the bezel, as well as the phone's back, are disclaimed, as indicated by the use of broken lines in the patent figures").

Ultimately, a patent is indefinite for § 112 purposes whenever its claim, read in light of the visual disclosure (whether it be a single drawing or multiple drawings), "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 134 S.Ct. 2120 2124, 189 L.Ed.2d 37 (2014). Design patents may be found indefinite. *In re Maatita*, 900 F.3d 1369, 1377 (Fed. Cir., 2018) ("a design patent is indefinite under § 112 if one skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the design with reasonable certainty based on the claim and visual disclosure"). In this case, the '226 design patent is indefinite because the entire drawing is depicted in broken lines.

EXHIBIT 3 PAGE 4 OF 5

4 | P A G E



Alexander Chen
July 1, 2019

  From the discussion above, there is no basis for the allegation of infringement in the Complaint because the '226 patent either does not cover the accused product or is indefinite.  If, after considering the foregoing, you contend that the accused product infringes the asserted design patent, please provide your reasoning in detail so that we may consider it.  In the absence of any such explanation, we demand that you dismiss the Complaint. Based on our review of the allegations in the Complaint, this is not a case that should be litigated.  It will waste our client's money and waste the Court's valuable time.  Please take notice that should you fail to provide us with an explanation of a rational theory of infringement, and either continue to litigate this lawsuit in the Central District of California, or choose to refile this baseless case in another jurisdiction, we will file a motion for attorney's fees after we prevail on the merits.

  In the event that we have overlooked something, we are willing to discuss the issues with you.

  Please respond to this letter by close of business on July 9, 2019.


Very truly yours,

Rimon P.C.

By: _Eric C. Cohen_ (signature)
  Eric C. Cohen

EXHIBIT 3 PAGE 5 OF 5

5 | P A G E